UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WARREN ALDOUS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-10-130 |
| | § | |
| PAUL HENSLEY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

I.

Before the Court is the defendants, Paul Hensley, Eric Bruss and the City of Santa Fe, Texas', motion to dismiss the plaintiff's suit (Doc. No. 5) pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). The Court has examined the plaintiff's pleadings, the defendants' motion and determines that the plaintiff has failed to respond to the defendants' motion although more than 90 days have expired since the motion was filed. The Court determines that dismissal is appropriate.

II.

A short-hand version of the plaintiff's pleadings show that on or about April 19, 2008, the plaintiff, while driving his vehicle, observed Officer Paul Hensley standing in the street waiving a flashlight as the plaintiff approached. The plaintiff drove past Officer Hensley before coming to a stop. Officer Hensley approached the plaintiff's vehicle and the plaintiff stepped out of his vehicle only to be arrested. During the course of arresting the plaintiff, Officer Hensley pulled the plaintiff toward his police car, swept the plaintiff's feet from beneath him, forced the plaintiff against the police car and threw the plaintiff into the back seat of the police car.

The plaintiff contends that the conduct of Officer Hensley violated both state and federal laws. He also contends that Sergeant Eric Bruss, who was present, observed the conduct of Officer Hensley, implying that he approved of Officer Hensley's conduct. As well, the plaintiff alleges that the City of Santa Fe is liable because it permits its officers to disregard the constitutional rights of persons accused during the course of making arrests. He asserts that the City has a policy that permits its police officers to detain citizens in a manner that deprives citizens of constitutionally protected rights. Finally, the plaintiff asserts that the City has failed to properly train its police officers so that they may avoid the alleged conduct that violated the plaintiff's civil rights.

### III.

The defendants contend that the plaintiff has failed to allege facts (a) showing a claim for denial of "due process"; (b) that support a claim under 42 U.S.C. §§ 1983 and 1985; (c) that support any claim against Sergeant Bruss; and (d) showing that the City acted unconstitutionally by establishing an unconstitutional policy, permitted a policymaker to act unconstitutionally or act with deliberate indifference to a known risk thereby causing the plaintiff to suffer an unconstitutional deprivation.

In addition to the above contentions, the defendants assert that they are protected by qualified immunity, in that there are no pleadings showing that the officers' actions were objectively unreasonable in light of federal law. Finally, the defendants assert that the plaintiff has failed to plead a justifiable cause of action under state law. In this regard, the defendants assert that the suit against the officers and the City is barred by immunity or by one or more state statutes enacted under the Texas Civil Practices and Remedies Code §§ 101, 102, 101.021, 101.055 or 101.057.

IV.

The plaintiff's conduct in this case may be aptly described as an anomaly. Not only has the plaintiff failed to join issue in the defendants' motion to dismiss, he failed to participate in the Federal Rules of Procedure, Rule 26(f) Conference on July 2, 2010.

V.

In order to survive a motion to dismiss, the complaint must set forth in sufficient particularity facts that apprise the party sued what claim(s) he/she is facing. *See*, *Ashcroft v. Igbal*, 129 S.Ct. 1937, 1949 (2009). The threshold for an adequate pleading in a civil rights case is seen as requiring more than "bare-bone" allegations. *Id*. That will not suffice.

In the case at bar, the plaintiff has failed to set forth facts that would suggest that the offices involved had no basis, whatsoever, to stop, detain and/or arrest him. It appears that the officer was attempting to hail the plaintiff to pull over or otherwise follow his command and the plaintiff failed to comply. Concerning the City, the plaintiff has not stated a particular policy that has been implemented by the City or permitted by its policymakers that violates federal law. Moreover, there is no indication in the plaintiff's pleadings supporting a Fourteenth Amendment "due process" claim. Finally, there are no facts pled that support the allegation that a conspiracy was "afoot." The Court, therefore, is of the opinion that dismissal on the pleadings is appropriate. Moreover, dismissal is warranted because the plaintiff has failed to comply with Fed.R.Civ.P. 26(f) disclosure requirements.

It is, therefore, ORDERED that the plaintiff's suit be, and it is hereby, DISMISSED pursuant to Fed.R.Civ.P. 26(f) and 12(b)(6).

SIGNED at Houston, Texas this 4th day of August, 2010.

_____

Kenneth M. Hoyt
United States District Judge